IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| ANDREANA SILVAS-SANTOS | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | CIVIL ACTION NO. 5:20-cv-01153 |
| | § | JURY TRIAL DEMANDED |
| WAL-MART STORES TEXAS, LLC AND | § | |
| WAL-MART STORES, INC. | § | |
| *Defendants*. | § | |

<u>PLAINTIFF'S ORIGINAL COMPLAINT</u>

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES Plaintiff, Andreana Silvas-Santos, and files her Original Complaint against Defendants Wal-Mart Stores Texas, LLC and Wal-Mart Stores, Inc. In support thereof, Plaintiff would respectfully show the Court as follows:

**I.**
**PARTIES**

1.1     Plaintiff Andreana Silvas-Santos is a resident and citizen of Texas and is therefore a citizen of Texas and was so at the time of the subject incident. She brings this complaint on behalf of himself.

1.2     Defendant Wal-Mart Stores Texas, LLC ("Wal-Mart Texas") is a limited liability company incorporated under the laws of Delaware with its principal place of business in Arizona. As evidenced by location of the slip and fall described below, Wal-Mart Texas conducts business in Texas, engages in continuous and systematic contacts with the State of Texas, and derives substantial economic profits from its business activities in Texas. Wal-Mart Texas can be served with process by serving its registered agent CT Corporation Systems at 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

1.3    Defendant Wal-Mart Stores, Inc. ("Wal-Mart Inc."), is a foreign for-profit corporation authorized to do business in the State of Texas with its headquarters in Bentonville, Arkansas. As evidence by the location of the slip and fall described below Wal-Mart Inc. conducts business in Texas, engages in continuous and systematic contacts with the State of Texas, and derives substantial economic profits from its business activities in Texas. Wal-Mart Inc. may be served with process by serving its registered agent CT Corporation System at 1999 Bryan St., Ste. 900, Dallas, Texas 75201.

## II.
### VENUE AND JURISDICTION

2.1    Venue is proper in this District and Division pursuant to 28. U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in the Western District of Texas. More specifically, the incident that makes the basis of this lawsuit occurred in Bexar County, Texas, which is in the San Antonio Division of the Western District of Texas.

2.2    This Court has jurisdiction over this action pursuant to 28. U.S.C. § 1332 as there is complete diversity of citizenship between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.

2.3    This Court has specific personal jurisdiction over the Defendants because each of them purposely directed their activities to Texas and the claims made in this litigation are the result of injuries that arise directly out of and relate to those activities. In particular, this action arises foreseeably from Defendants' conduct following their purposeful chose to maintain retail stores in Texas, and their failure to exercise ordinary care while doing so. Defendants should have reasonably anticipated being haled into court in Texas given the substantial connection between their activities in Texas and the claims made in this lawsuit. Thus, this action seeks to adjudicate

issues deriving directly from or connected directly with their activities in Texas, and this Court's

personal jurisdiction over these Defendants in this action arises from that nexus. Defendants

themselves created the contacts with Texas; they purposefully availed themselves of the privilege

of conduction activities within Texas. Defendants have sufficient minimum contacts with the State

of Texas to support the exercise of personal jurisdiction over them by a court in the forum state.

Based upon the direct connection between the Defendants' activities in Texas and the claims made

against them, as well as the minimum contacts each of them purposefully made with the State of

Texas, the exercise of personal jurisdiction here is consistent with the Texas Long Arm statute and

with due process; it does not offend traditional notions of fair play and substantial justice and is

neither unfair nor unreasonable.

### III.
### BACKGROUND FACTS

3.1     On or about October 18, 2018, Andrea Silvas-Santos was an Invitee on a property

controlled by the Defendants, and was injured under the following circumstances:   Ms. Silvas-

Santos arrived with her daughter at Wal-Mart Supercenter #765 on the evening of October 18,

2018 with the intention of getting some shopping done. As Ms. Silvas-Santos and her daughter

entered the store through the garden center of Wal-Mart Supercenter #765 and as she walked

passed the cashier, Ms. Silvas-Santos' foot slipped out from under her and she fell hard to the

ground, slamming her knee onto the concrete floor, wherein she felt immediate excruciating pain.

As she laid on the floor, both she and her daughter were able to now see what caused her to slip

and fall in the first place. Ms. Silvas-Santos slipped on an orangey clear thick, slippery substance.

Her daughter was able to take a picture of the substance prior to Wal-Mart employees completely

cleaning it up. This material was clearly hazardous, and Wal-Mart knew or should have known

that this substance on the floor created an unreasonable risk of harm. In fact, an employee of

Defendants was working right by where Ms. Silvas-Santos fell. Wal-Mart failed to not only clear/clean the area but further failed to not place any caution signs or warn anyone of the extremely dangerous condition. This fall caused Ms. Silvas-Santos to sustain serious injuries, including but not limited to, a displaced fracture of the patella requiring immediate hospitalization and surgical care.

       3.2    Wal-Mart Texas owned and/or occupied the building where the incident occurred. Wal-Mart Inc. assumed control over and responsibility for the design of the store where the incident occurred.

       3.3.    At all times material hereto, Defendants controlled the policies and procedures for the maintenance of Wal-Mart Supercenter #765, located at 16503 Nacogdoches Rd., San Antonio, Texas 78247.

**CAUSES OF ACTION AGAINST DEFENDANTS**
**<u>WAL-MART TEXAS AND WAL-MART INC.</u>**

**IV.**
**NEGLIGENCE AND RESPONDEAT SUPERIOR**

       4.1    Defendants committed actions of omission and commission, which collectively and severally constituted negligence, and that negligence proximately caused both the slip and fall in question and Plaintiff's damages.

       4.2    Defendants owed a duty to Plaintiff to exercise ordinary care. Defendants' negligent acts or omissions include, without limitations, one or more of the following:

       (a)    Failing to remove the orangey clear think slippery substance on the floor within a reasonable time;

       (b)    Failing to provide necessary and proper policies and procedures to remove the

orangey clear think slippery substance; and

(c)     Failing to warn Andreana Silvas-Santos of the unsafe condition.

(d)     Failing to enforce their policy on product spill cleanup;

(e)     Failing to use ordinary care in properly training and monitoring its employees, agents, and/or contractors with respect to enforcing store policy;

(f)     Failing to control the conduct of its employees, agents, and/or contractors with respect to the enforcement of store policy;

(g)     Failing to use ordinary care in supervising its employees and/or agents' activities with respect to the enforcement of its tractor-trailer parking policy;

(h)     Failing to use ordinary care to prevent its employees and/or agents from allowing an unreasonable risk of harm on its premises;

(i)     Failing to use ordinary care in protecting others from peril when the peril is under their control;

(j)     Failing to use ordinary care in taking affirmative action to control or avoid increasing the danger from a condition that has been created or allowed by their conduct, including the lack of enforcement of their own policy;

(k)     Negligently exercising control over its employees, agents, and or contractors as it relates to the enforcement of store policy;

(l)     Failing to communicate proper instructions and procedures to its employees, agents, and/or contractors regarding its store policy;

(m)     Failing to properly train its employees, agents, contractors, and/or

subcontractors on the enforcement of the store policy;

(n)      Failing to clean up the substance on the day of the

incident; and

(o)      Failing to inspect and/or patrol the premises and remove any dangerous

condition.

4.3      Defendants are liable for the conduct of their employees, agents, servants, contractors, and/or subcontractors under the doctrine of respondeat superior. Those employees, agents, servants, contractors, and/or subcontractors were acting in the course and scope of their employment or agency at all times material to the claims made in this cause. The actions and omissions by the Defendants through the actions of their agents, servants, contractors, subcontractors, and/or their employees were the proximate cause of occurrence and of the injuries to Plaintiff.

## V.
## PREMISES LIABILTY

5.1      In addition or in the alternative, at the time of the incident, Defendants occupied and controlled the premises where the incident occurred. Specifically, Wal-Mart Supercenter #765.

5.2      Defendants assumed sufficient control over the store, more specifically, the garden center of the Wal-Mart Supercenter #765 located at 16503 Nacogdoches Rd., San Antonio, Texas. The assumed control such that they had a duty to remedy any defect or other condition on the premises that created an unreasonable risk of harm.

5.3      Plaintiff was an invitee at the Wal-Mart Supercenter #765 store on the day of the incident with the express or implied knowledge of the Defendants. Plaintiff was also on the premises for the mutual benefit of both Plaintiff and Defendants.

5.4     A condition of the Wal-Mart Supercenter #765 posed an unreasonable risk of harm to Plaintiff and others because Defendants' agents, servants, contractors, subcontractors, and/or their employees failed to clear the floor of their establishment of any unsafe/dangerous conditions immediately.

5.5     A condition of the Wal-Mart Supercenter #765 establishment posed an unreasonable risk of harm to Plaintiff and others. Defendants were well aware or should have been well aware of the danger posed by the condition.

5.6     Defendants failed to exercise ordinary care to protect Plaintiff from the danger by failing to clear the floor of their establishment and failing to warn Plaintiff and others of the dangerous condition.

5.7     Defendants had a duty to use ordinary care to ensure that their premises did not pose an unreasonable danger to the Plaintiff and others. That duty was breached as explained above.

5.8     Had Defendants enforced their maintenance policies or exercised their reasonable duty of care and cleared the floor, the slippery substance would not have been present in the garden center and the dangerous condition would have been removed or corrected. In the alternative, had Defendants warned Plaintiff or others of the dangerous condition, Plaintiff would have received sufficient notice to avoid the dangerous condition created by Defendants.

5.9     Defendants' breach was a proximate cause of Plaintiff's fall and of Plaintiff's injuries and damages.

## VI.
## NEGLIGENT UNDERTAKING

6.1     Pleading in the alternative, Defendants undertook to make the premises safe for

their patrons, including Plaintiff. Defendants created and enacted a policy that instructs its agents, servants, contractors, subcontractors, and/or their employees on proper spill cleanup, safety, step-by-step procedures, and general policies for cleaning up spills.

6.2     Defendants took it upon themselves to set this safety and business policy.

6.3     Defendants knew or should have known that the policy and duty they undertook was necessary for their patrons' safety, including Plaintiff. Specifically, Defendant knew or should have known that the substance, or any substance for that matter, on the floor of the establishment posed a hazardous and dangerous condition. This condition was and is a safety concern for Defendants' patrons.

6.4     While undertaking such policy and duty, Defendants failed to exercise reasonable care. Specifically, Defendants failed to clear the orangey clear think slippery substance off the floor of Wal-Mart Supercenter #765 and failed to enforce the policy and duty, which they themselves elected to undertake.

6.5     By undertaking such policy and duty, Plaintiff relied on Defendants to prevent and remove or at the very least warm of any dangerous condition created within Defendants establishment. Moreover, the failure to exercise reasonable care in the enforcement of Defendants' store policy and undertaken duty increased the risk of harm to Plaintiff and other by leaving patrons to believe that dangerous conditions within the establishment are monitored and eliminated.

6.6     Defendant failure to exercise reasonable care in the enforcement of its own policy and duty, which they themselves undertook, was a proximate cause of Plaintiff's injuries.

**VII.**
**GENERAL NEGLIGENCE**

7.1     Defendants owed Plaintiff and others similarly situated the duty to clear the floor of their establishment, specifically Wal-Mart Supercenter #765, of any unsafe and or dangerous

conditions immediately.

7.2.    Defendants owed Plaintiffs and others similarly situated the duty to warn of any

unsafe and or dangerous conditions.

7.3.    Defendant breached said duty by failing to remove orangey clear thick, slippery

substance from the floor and by failing to warn of the unsafe and or dangerous condition.

## DAMAGES

### VIII.
### ACTUAL DAMAGES

8.1    As a direct and proximate result of the occurrence made the basis of this lawsuit,

and Defendants' acts as described herein, Plaintiff, Andreana Silvas-Santos was caused to suffer

serious and personal injuries to her knee and to endure anxiety, pain, and illness resulting in

damages more fully set forth below.

8.2.    As a direct and proximate result of the occurrence made the basis of this lawsuit,

Plaintiff has incurred the following damages:

      A.    Reasonable medical care and expenses in the past.  These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the accident complained of herein and such charges are reasonable and were usual and customary charges for such services in Bexar County, Texas;

      B.    Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

      C.    Physical pain and suffering in the past;

      D.    Physical pain and suffering in the future;

      E.    Loss of earnings in the past;

      F.    Loss of earning capacity which will, in all probability, be incurred in the future;

      G.    Fear of future disease or condition; and

H.      Cost of medical monitoring and prevention in the future.

8.3.    By reason of the above, Plaintiff has suffered losses and damages in a sum within the jurisdictional limits of the Court and for which this lawsuit is brought.

## IX.
## PREJUDGMENT AND POST-JUDGEMENT INTEREST

9.1     Plaintiff seeks pre-judgement and post-judgement interest at the maximum legal rate.

## X.
## CONDITIONS PRECEDENT

10.1    All conditions precedent to Plaintiff's right to recover and Defendants' liability have been performed or have occurred.

## JURY DEMAND

11.1    Plaintiff request a trial by jury and tender the requisite fee.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff respectfully prays that Defendants be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants, jointly and severally, for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law; post-judgment interest at the highest legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully submitted,

JOE A. GAMEZ LAW FIRM P.C.
1119 Fresno

San Antonio, Texas 78201
Telephone No. (210) 736-4040
Facsimile No. (210) 734-0100


By: _____
   Joe A. Gamez
   State Bar No.: 07607200
   Manuel Acuna-Neely
   State Bar No.: 24091489
   Manuel@jagamezlaw.com
   Jose L. Rios, Jr.
   State Bar No.: 24098326
   JRios@jagamezlaw.com

   ATTORNEYS FOR PLAINTIFF